IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWARD LAYMAN MONROE,

    Defendant.

Criminal No. 98-0017
**ELECTRONICALLY FILED**

### MEMORANDUM AND ORDER OF COURT DENYING
### MOTION FOR SENTENCE REDUCTION (DOC. NO. 297)

Before the Court is defendant Edward Layman Monroe's pro se Motion for a Reduction of Sentence (doc. no. 297) which requests this Court to reduce his 337 month term of imprisonment imposed on January 29, 1999, by a former colleague of this Court (the Honorable United States District Judge Robert J. Cindrich) to a term of 120 to 180 months imprisonment. Petitioner "moves pursuant to the Universal Declaration of Human Rights and the recent handed down by [sic] the UNITED STATES SENTENCING COMMISSION as it relates to the Crack Cocaine Sentences." Id. at 1. The government has filed a Response in Opposition to Defendant's Motion for Sentence Reduction (doc. no. 298).

Defendant mentions that he was sentenced "for possession and the distribution of Crack cocaine in excess of 5 kilos" in an apparent but cryptic attempt to invoke this Court's jurisdiction to reduce sentences under 18 U.S.C. § 3582(c)(2). Motion for Reduction of Sentence at ¶ 1. Petitioner also "motions the court to Observe Petitioner's Human Rights, Provide Equal Protection of Law and equate his sentence with that of one convicted of powder cocaine charges." Id. at ¶3. Other than these references, petitioner's motion seeks a sentence reduction in the 120 to 180 month range based primarily on his post sentencing behavior and rehabilitation

while incarcerated in the custody of the Pennsylvania Department of Corrections, where he is serving a term of life imprisonment for murder of the first degree, served concurrently with his federal sentence. Petitioner attaches numerous certificates to evidence his progress and rehabilitative achievements.

After careful consideration of defendant's motion to reduce sentence, the government's response in opposition, and the record, the Court will dismiss the motion for lack of jurisdiction. The Court's jurisdiction to reduce a sentence is strictly limited. As a general matter, without specific authorization, a court cannot alter a term of imprisonment after it has been imposed. United States v. DeLeo, 644 F.2d 300, 301 (3d Cir. 1981).

By statute, a district court may entertain a motion to reduce sentence only for the following reasons:

> (c) Modification of an imposed term of imprisonment.--The [district] court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C § 3582 (b) and (c).

The Director of the Bureau of Prisons has not filed a motion to reduce petitioner's sentence based on the permitted factors in section 3582(c)(1)(A), and this Court has no jurisdiction to consider defendant's motion to reduce sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. United States v. Higgs, 504 F.3d 456 (3d Cir. 2007). Thus, the only possible basis for this Court to consider a reduction of sentence would be pursuant to section 3582(c)(2), if petitioner's sentence was based on a sentencing range subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), and only where such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. Hence, petitioner characterizes his sentence as being based on the crack to powder ratio in order to position himself to take advantage of the recent well-publicized Amendment 706 to the 100-to-1 crack to powder cocaine sentencing ratio, effective March 3, 2008.

In general, the effect of Amendment 706 is to decrease by two levels the base offense levels for crack cocaine offenses. See U.S.S.G. § 2D1.1; U.S.S.G. Supp. to App'x C, Amend. 706; United States v. Wise, 515 F.3d 207, 219 (3d Cir. 2008). Amendment 706 is listed by the United States Sentencing Commission in U.S.S.G. § 1(B)(1).10(c), which identifies the specific

guideline amendments that a court may apply to reduce a sentence under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) and section 1B1.10, therefore, create the mechanism to *allow* district courts to consider whether the benefit of a substantive amendment listed in § 1B1.10(c) should be given to a qualifying defendant, but the decision rests in the discretion of the district court, after considering all of the section 3553(a) sentencing factors. Wise, 515 F.3d at 220 n.10.

Amendment 706 does not help petitioner, however. Petitioner's sentence was based on his guilty plea to two counts of the multi-defendant, multi-count indictment: Count One, conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and Count Two, conspiracy to launder monetary instruments in violation of 18 U.S.C. 1956(h). The parties stipulated as part of the plea agreement that a sentence of 360 months would be appropriate, and the guideline sentencing range of 360 months to life imprisonment was based on U.S.S.G. § 2D1.1(d), which provides: "(1) If a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 . . . , apply § 2A1.1 (First Degree Murder) . . . if the resulting offense level is greater than that determined under this guideline." U.S.S.G. 2A1.1, in turn, provides for a Base Offense Level of 43, which was reduced three points for acceptance of responsibility to a total offense level of 40.

Petitioner and others murdered a woman who was a Pennsylvania State Police informant, in furtherance of the conspiracy. Thus, petitioner's sentence was driven by the fact that he committed a murder while engaged in the conspiracy, not in any way because of the controversial crack to powder cocaine sentencing ratio disparity that has been somewhat ameliorated by Amendment 706.

As the government phrases it, "none of the modification paradigms endorsed by Section 3582(c) apply to Monroe's case." Government's response, at 13. Accordingly, this Court has no authority to reduce his sentence, and his Motion for a Reduction of Sentence (doc. no. 297) is HEREBY DENIED.

SO ORDERED this 26th day of March, 2008

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties